1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8  DAVID TROUPE,

9                           Plaintiff,

10        v.

11  ADAM KAPA, et al., DANIEL WISTIE,
    RICHARD HAYWARD, SORSBY, ANDREW
12  WILLIAMS, EDWIN HOSKINS,

13                           Defendants.

Case No. C14-5529 RBL-KLS

**ORDER DENYING MOTION FOR
PROTECTIVE ORDER**

14        Before the Court is Defendants' Motion for Protective Order.  Dkt. 22.  Defendants move

15  to stay discovery pending adjudication of their motion for summary judgment, which is currently

16  noted for January 2, 2015.  Dkt. 23.  Plaintiff opposes the motion on the grounds that he should

17  be allowed to engage in discovery before responding to a dispositive motion.  Dkt. 24.

18                                **BACKGROUND**

19        Plaintiff David Troupe filed this 42 U.S.C. § 1983 lawsuit in September 2014, alleging

20  that he was sexually assaulted and retaliated against for reporting the sexual assaults.  Dkt. 7.

21  Defendants filed an answer on September 15, 2014 (Dkt. 15) and on September 22, 2014 the

22  Court issued an order establishing pre-trial deadlines including a March 20, 2015 deadline for the

23  completion of discovery.  Dkt. 17.

ORDER DENYING MOTION FOR PROTECTIVE ORDER - 1

On November 10, 2014, Defendants, through counsel, received 18 requests for the production of documents from Mr. Troupe.  Dkt. 22, Exhibit 1, Declaration of Haley Beach, at ¶ 2.  Defendants have not responded to the discovery and on December 2, 2014, asked Mr. Troupe to agree to a postponement of discovery pending resolution of Defendants' summary judgment motion.  Mr. Troupe did not agree to postponing discovery.  *Id.*, ¶ 3.

On December 8, 2014, Defendants filed a motion for summary judgment contending that Mr. Troupe failed to show a constitutional violation and that they are entitled to qualified immunity.  Dkt. 23.  The summary judgment motion is noted for January 2, 2014.  *Id.*

## DISCUSSION

The court has broad discretionary powers to control discovery.  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988).  Upon showing of good cause, the court may deny or limit discovery.  Fed.R.Civ.P. 26(c).  A court may relieve a party of the burdens of discovery while a dispositive motion is pending.  *DiMartini v. Ferri*n, 889 F.2d 922 (9th Cir.1989), *amended at* 906 F.2d 465 (9th Cir.1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir.1984).  When government officials raise the issue of qualified immunity, discovery should not proceed until this threshold issue is resolved by the court.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Anderson v. Creighton*, 483 U.S. 635 646, 107 S.Ct. 3034, 97 L.Ed.2d 523 n .6, 483 U.S. 635, 107 S.Ct. 3034, 3042 n. 6, 97 L.Ed.2d 523 (1987), *DiMartini v. Ferrin, supra*, 889 F.2d at 926.  The *Harlow* qualified immunity standard is meant to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government.  *Harlow*, 457 U.S.at 817.

However, *Harlow's* qualified immunity discovery restriction is not applicable to equitable relief.  *See Hoohuli v. Ariyoshi*, 741 F.2d 1169, 1175–76 (9th Cir.1984).  "A present

1  declaration of immunity from damage claims cannot avoid the diversion of [the officials']

2  attention from other official duties which the litigation [of the equitable claims] will occasion."

3  *Bever v. Gilbertson*, 724 F.2d 1083, 1087 (4th Cir.1984).  Thus to the extent Mr. Troupe seeks

4  discovery relating to his claims for equitable relief, Defendants' request for a stay of discovery is

5  without merit.  As a practical matter, such a stay would be meaningful only if the damages

6  discovery was significantly different from the discovery directed to the equitable claims.  In this

7  case it is not.

8        Rule 56 also allows the court to issue an order, as is just, denying the motion for

9  summary judgment or ordering a continuance for the opposing party to pursue discovery. Fed.

10  R.Civ. P. 56.  At the time Defendants filed their motion for summary judgment, it appears that

11  Mr. Troupe had served a set of written discovery requests on Defendants but Defendants have

12  not yet responded to those requests.  In addition, the parties still have three more months to

13  complete discovery.  Dkt. 17.  Mr. Troupe contends that he requires this time to discover

14  witnesses and records to support his claims, including an inmate who allegedly overheard

15  Defendant Kapa admit to sexually assaulting him and other information relating to Defendant

16  Kapa's past conduct, the lack of response of other defendants, and proof that he did not refuse

17  showers and yard time.  Mr. Troupe contends that information relating to shower and yard time

18  is necessary to support his claim that Defendant Kapa was falsely reporting refusals in retaliation

19  for the filing of the PREA complaint.  Dkt. 25.

20        While discovery would normally be stayed pending a ruling on qualified immunity, the

21  Court is not inclined to do so here where Mr. Troupe's claims are for the violation of clearly

22  established law (sexual assault and retaliation) and where Mr. Troupe will be denied a

23  meaningful opportunity to conduct discovery and in particular, to discover any facts or

information necessary in drafting an opposition to the motion for summary judgment.

Accordingly, it is **ORDERED:**

1)      Defendants' motion to stay discovery (Dkt. 22) is **denied.**

2)      The noting date of Defendants' motion for summary judgment (Dkt. 23) is **stricken.**  Defendants may re-file their motion following the completion of discovery.

3)       The Clerk shall send a copy of this Order to Plaintiff and to counsel for Defendants.

**DATED** this __5th__ day of January, 2015.

KAREN L. STROMBOM
United States Magistrate Judge