1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

DAVID TROUPE,

Plaintiff,

11

v.

12

13

ADAM KAPA, DANIEL WISTIE,
RICHARD HAYWARD, C/O SORSBY,
ANDREW WILLIAMS, EDWIN
HOSKINS,

14

Defendants.

CASE NO. C14-5529 RBL-KLS

ORDER DENYING MOTION TO
ALLOW DISCOVERY AT
PUBLIC'S EXPENSE (DKT. 28)
AND GRANTING (IN PART)
MOTION FOR EXTENSION (DKT.
29)

15

16

17

18

19

        Plaintiff David Troupe requests that the Court order Defendants to produce discovery

documents at public expense.  Dkt. 28.  He also moves for a six-month extension of the

discovery and dispositive motions deadlines.  Dkt. 29.  Having reviewed the motions and

responses, the Court denies the request for discovery costs and grants a sixty day extension of the

parties' pretrial deadlines.

20

**DISCUSSION**

21

**A.    Discovery Costs**

22

23

24

        In their responses to Plaintiff's discovery requests, Defendant identified responsive

documents and stated "[t]he records are available for review and copying by your representative

1   or paper copies can be purchased at a cost of ten cents per page plus postage costs."  Defendants

2   also offered to print the responses double-sided to save Plaintiff fifty-percent of the total cost.

3   Dkt. 32, at 2.    This response is consistent with Fed. R. Civ. P 34(a), which provides that the

4   producing party is to make the relevant production available for the requesting party to "inspect

5   or copy" any designated documents.  There is nothing in Rule 34 that requires the Defendants to

6   provide paper copies of the identified documents to Plaintiff at the Defendants' expense.

7        Prison authorities are only required to assist inmates in the preparation and filing of

8   meaningful legal papers by providing prisoners with adequate law libraries or adequate

9   assistance from persons trained in the law.  *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th

10  Cir.2011) (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  Moreover, this assistance is

11  limited to the pleading stage only.  *Id.* (*citing Lewis v. Casey*, 518 U.S. 343, 384, (1996)).  The

12  Court is also not aware of any Department of Corrections' policy allowing prisoners to incur a

13  debt for photocopies for discovery.

14       The foregoing is not inconsistent with federal law.  The *in forma pauperis statute*, 28

15  U.S.C. § 1915, provides for the payment of filing fee and service of process only.  The Federal

16  Rules do not entitle an indigent litigant to shift his costs of discovery or other costs of his

17  litigation to defendants.  *See United States v. MacCollom*, 426 U.S. 317, 321 (1976) ("the

18  expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by

19  Congress ..."]; *see also Tedder v. Odel*, 890 F.2d 210 (9th Cir.1989) (citations omitted); *Murray

20  v. Palmer*, 2006 WL 2516485, *4, (N.D.N.Y. Aug. 29, 2006) ("Although Plaintiff has been

21  granted *in forma pauperis* status under 28 U.S.C. § 1915, such status does not relieve him of the

22  duty to pay his share of the cost of discovery (or somehow shift that cost to either Defendants or

23  the Court)").

24

**B.      Extension of Deadlines**

Plaintiff seeks a six month extension of the discovery and dispositive motions deadlines, presently set at March 20, 2015 and May 15, 2015, respectively (*see* Dkt. 17).  Dkt. 29.  Plaintiff states that since his transfer to Washington State Penitentiary on February 11, 2015, he has received only one box of his legal work but none of his legal documents in this case.  He also contends that the requested extension is necessary because Defendants will not produce approximately 500 pages of discovery until he pays for the paper copies.  Dkt. 29, at 1-2.

Under Fed. R. Civ. P. 6(b), the Court may extend a deadline for good cause if the request is made before the original time expires, or if the time has expired but the party has failed to act because of excusable neglect.  Under Local Civil Rule 7(j), parties should file motions for relief from a deadline "sufficiently in advance of the deadline to allow the Court to rule on the motion prior to the deadline."  In cases of a true emergency, the parties are expected to stipulate to an extension.  Local Civil Rule 16(b)(4) instructs that "[m]ere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance."

Plaintiff filed his motion in a timely fashion but does not allege a true emergency.  Defendants do not oppose a sixty-day extension of time to allow sufficient time for Plaintiff to obtain the materials he believes he needs to move forward.  Dkt. 33, at 2.  The Court agrees that based on the circumstances alleged, a sixty day extension of the pretrial deadlines is reasonable at this time.

Accordingly, it is **ORDERED:**

(1)      Plaintiff's motion to allow discovery at the public's expense (Dkt. 28) is **DENIED.**

1        (2)      Plaintiff's motion for an extension (Dkt. 29) is **GRANTED in part;** the discovery

2   deadline is extended until **May 15, 2015** and the dispositive motions deadline is extended until

3   **July 17, 2015.**

4        (3)      The Clerk is directed to send a copy of this Order to Plaintiff and to counsel for

5   Defendants.

6        DATED this   1st   day of April, 2015.

7

8                                                          Karen L. Strombom

9                                                          United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER - 4