UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID TROUPE,

                Plaintiff,

  v.

ADAM KAPA, DANIEL WISTIE, RICHARD HAYWARD, C/O SORSBY, ANDREW WILLIAMS, EDWIN HOSKINS,

                Defendants.

No. C14-5529 RBL-KLS

**ORDER DENYING PLAINTIFF'S MOTIONS (Dkts. 43 and 44)**

Plaintiff David Troupe now files his second motion to extend discovery and third motion to compel the production of discovery. Dkts. 43 and 44, respectively. Defendants oppose the motions. Dkt. 46. Mr. Troupe filed a reply. Dkt. 47. The Court ordered Defendants to provide additional information regarding the parties' discovery dispute. Dkt. 49. Defendants' surreply (Dkt. 54) and an additional declaration filed by Mr. Troupe (Dkt. 55) have been considered. The Court finds that Mr. Troupe's motions should be denied.

**BACKGROUND**

On September 22, 2014, the Court set the deadlines for discovery on March 20, 2015 and for the filing of dispositive motions on May 15, 2015. Dkt. 17. On January 5, 2015, the Court struck Defendants' motion for summary judgment pending completion of discovery. Dkt. 27. On April 1, 2015, the Court granted Mr. Troupe's request for a sixty day extension and reset the

ORDER - 1

1  deadlines for discovery to May 15, 2015 and the filing of dispositive motions to July 17, 2015.
2  Dkt. 38.

## DISCUSSION

**A.     Request for 180 Day Extension of Discovery Deadline**

Rule 16(b)(4) provides that "[a] schedule [established pursuant to a Rule 16(b)(1) scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Local Civil Rule 16(b) provides that the court shall enter a written scheduling order and further provides that "[t]he parties are bound by the dates specified in the scheduling order. A schedule may be modified only for good cause and with the judge's consent. Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." This provision is bolstered by Local Rule 16(m), which states that "[i]n order to accomplish effective pretrial procedures and to avoid wasting the time of the parties, counsel, and the court, the provisions of this rule will be strictly enforced."

Mr. Troupe contends that his mental health issues and past hand injuries, in addition to his housing placement, generally make litigation difficult for him. Dkt. 43. This is not good cause for a second extension of the pretrial deadlines as the Court has already allowed Mr. Troupe an additional sixty days to organize his litigation and conduct discovery. Mr. Troupe contends that he does not have enough time to work on this matter because of stress, his mental health issues, and the inability to write for long periods of time. Defendants note, however, that since filing this action, Plaintiff has filed an additional eight lawsuits in this Court and the Eastern District of Washington, along with filing appeals to the Ninth Circuit Court of Appeals in three cases. *See* Dkt. 46, n. 1.

Mr. Troupe also contends that an extension is warranted because he cannot pay for discovery. Dkt. 43. However, as noted below, this is also not good cause to extend the parties' deadlines yet another 180 days.

**B.     Payment for Production**

Defendants identified 1,064 pages of documents responsive to Mr. Troupe's discovery requests, including:  Pages 1-435 (Emails related to PREA claims against Kapa); Pages 436-437 (all PREA investigation records against Kapa for 2014); Pages 455-502 (WCC investigations from 2010-2014); Pages 503-507 (Shift Lt. Entries); Pages 508-525 (Training Records – Hayward); Pages 526-544 (Training Records – Hoskins); Pages 545-557 (Training Records – Kapa); Pages 558-568 (Training Records – Sorsby); Pages 569-580 (Training Records – Williams) Pages 581-596(Training Records – Wistie); Pages 597 to 982 (all grievances filed by Mr. Troupe against the named Defendants from November 1, 2013 through February 3, 2015 (these documents were provided to Mr. Troupe in a supplemental response); Pages 983-1060 (Emails related to Mr. Troupe) and Pages 1061-1064 (Kapa Promotion Records).   Dkt. 54, Exhibit 1, Declaration of Haley Beach, Attachments A, B, C, and D.

Defendants informed Mr. Troupe that the records were available for review and copying by his representative or that he could purchase paper copies at a cost of ten cents per page, plus postage costs. In a phone call on February 25, 2015, counsel offered to mail a disk with the discovery documents to a third party. *Id.,* Exhibit 1, Beach Decl., ¶ 3. Mr. Troupe never attempted to pay for any of the discovery or arrange shipment of a disk. *Id.*, Exhibit 1, Beach Decl., ¶ 5.

The Court previously denied two of Mr. Troupe's motion to compel Defendants to provide him paper copies of the responsive documents at the cost of the government. Dkts. 38

ORDER - 3

and 42.  In one of his responses, Mr. Troupe stated that he "has made $58.33 available to Ms. Beach to cover the copy and postage costs, but so far she's refused."  Dkt. 47, p. 4.  However, upon further clarification by the parties, it is clear that Mr. Troupe is referring to monies contained in his prison savings account which he cannot access until he is released from prison.  Dkt. 44, at 7.

Fed. R. Civ. P 34(a) requires the producing party to make the relevant production available for the requesting party to "inspect or copy" any designated documents.  Defendants have done so.  Nothing in Fed. R. Civ. P. 34(a) requires the Defendants to fund the Mr. Troupe's litigation by providing him with paper copies of the discovery at the Defendants' expense.

Accordingly, it is **ORDERED:**

(1)    Plaintiff's second motion for an extension of the Court's pretrial deadlines (Dkt. 43) and third motion to compel discovery (Dkt. 44) are **DENIED.**

(2)    The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

**DATED** this <u>6th</u> day of July, 2015.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 4