1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| DAVID TROUPE, | CASE NO. C14-5529 RBL-KLS |
|---|---|
| Plaintiff, | ORDER ON REVIEW OF MOTION FOR RECUSAL |
| v. | |
| ADAM KAPA, | |
| Defendant. | |

On July 9, 2015, Plaintiff David Troupe filed a request that the magistrate judge to whom his current lawsuit was referred, the Honorable Karen L. Strombom, recuse herself from Plaintiff's case. (Dkt. No. 58.) Upon review of the motion, Judge Strombom declined to recuse herself. (Dkt. No. 60.) In accordance with the local rules of this district, Plaintiff's motion was referred to this court for a review of Judge Strombom's refusal to recuse. LCR 3(e).

It appears that Plaintiff has requested the recusal of Judge Strombom because he believes that the unfavorable rulings he has received in his matter are evidence that he cannot receive a fair and impartial hearing. Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify herself in any proceeding in which her impartiality "might reasonably be questioned."

Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir.1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir.1980). In Liteky v. United States, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

Id. at 555.

Plaintiff cites no other reason or evidence in support of his position other than the fact that Judge Strombom has not ruled in his favor on a discovery motion. If he believes that Judge Strombom's rulings are legally erroneous, he is entitled to ask the Ninth Circuit Court of Appeals to overturn those rulings on any legitimate grounds he can articulate; he is not, however, entitled to have Judge Strombom removed from the case because he disagrees with her rulings, nor is Judge Strombom required to remove herself because Plaintiff is not pleased with how she ruled.

1   A judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties. Bias is almost never established simply because the judge issued an adverse ruling.

In order to overcome this presumption, Plaintiff would have to show that facts outside the record influenced decisions or that the judge's rulings were so irrational that they must be the result of prejudice. Plaintiff does not allege any facts outside the record that improperly influenced the decisions in this matter. A review of the rulings in this matter reveals no orders that are either outlandish or irrational or in any way give rise to an inference of bias.

The Court finds no evidence upon which to reasonably question Judge Strombom's impartiality and AFFIRMS her denial of Plaintiff's request that she recuse herself.

The Court also notes that Plaintiff may be under the mistaken apprehension that Judge Strombom is presiding over his case (at one point in his motion, he notes that he "is not sure he will received a fair trial either but he's asking for a real judge and not a Magistrate;" Dkt. No. 58, Motion at 2). In fact, the matter was referred to her for pretrial purposes; upon preparation of a Report and Recommendation, the matter will be referred back to U.S. District Judge Ronald B. Leighton for final disposition.

The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

Dated this 4th day of August, 2015.

*[signature]*

Marsha J. Pechman
United States Chief District Judge

ORDER ON REVIEW OF MOTION FOR
RECUSAL- 3